UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANO PANAH,

                        Plaintiff,

            v.

GREAT WEST CASUALTY COMPANY,

                        Defendant.

CASE NO. 3:25-cv-05924-DGE

ORDER TO SHOW CAUSE

This matter comes before the Court on its own motion following review of the record. Plaintiff, proceeding *pro se*, filed a proposed complaint in this Court on October 14, 2025.  (Dkt. No. 1.)  The Clerk of Court issued a notice identifying certain filing deficiencies, including failure to redact personal identifiers pursuant to Federal Rule of Civil Procedure 5.2(a) and Local Civil Rule 5.2.  (Dkt. Nos. 2 at 1, 3.)  On October 23, 2025, Plaintiff re-filed his complaint and, though referenced within the complaint, did not attach exhibits.  (Dkt. No. 4.)

On October 27, 2025, the Court ordered Plaintiff to file a complaint that *included* redacted versions of the exhibits "as soon as possible and in any event, no later than November

ORDER TO SHOW CAUSE - 1

24, 2025." The Court further ordered Plaintiff to then serve Defendant process and a copy of the re-filed complaint. (Dkt. No. 5 at 2.) On November 25, 2025, Plaintiff filed his complaint again, and again attached unredacted exhibits. (Dkt. No. 6.) On December 1, 2025, the Clerk of Court issued another notice explaining that Plaintiff's exhibits contained personal identifiers that must be redacted and directed Plaintiff to file a redacted version as soon as possible. (Dkt. No. 7.) The notice warned that "[f]ailure to do so may affect the status of your case, including dismissal of the action by the Court." (*Id.*)

As of today's date, Plaintiff has not complied with either the Court's October 27 Order or the Clerk's December 1 notice. Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff fails to prosecute or to comply with the rules or a court order. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, the district court has the inherent authority to dismiss for failure to prosecute *sua sponte. See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)) (the authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

Accordingly, Plaintiff is ordered to show cause, no later than **August 6, 2026**, why this case should not be dismissed for failure to prosecute.

The Clerk is directed to calendar this event.

Dated this 7th day of July, 2026.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 2